IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KEVIN M. KEAY,

        Plaintiff,                        CV-10-1099-ST

     v.                                 FINDINGS AND RECOMMENDATIONS

UNITED STATES AIR FORCE,

        Defendant.

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Kevin M. Keay ("Keay"), appearing *pro se*, filed this action on September 14, 2010, alleging a claim for negligence against his former employer, the United States Air Force ("USAF"). Keay alleges that while he served in the USAF some time between 1980 and 1984,

///

///

///

1 - FINDINGS AND RECOMMENDATIONS

he was exposed to a chemical, Mil-PD-680,[1] because the USAF failed to provide him with proper technical notes, gloves, aprons, and masks. Keay seeks $450 billion in damages to cover the costs of surgeries, equipment, and an adaptive van he will need.

With his Complaint, Keay filed an Application to Proceed *In Forma Pauperis* (docket #1). His application reveals that he cannot afford the costs of this proceeding and his application for *in forma pauperis* status should be granted. However, for the reasons set forth below, his Complaint (docket #2) should be dismissed with prejudice for lack of subject matter jurisdiction and without service of process.

## STANDARDS

Under 28 USC § 1915(e)(2)(B), a complaint filed *in forma pauperis* must be dismissed before service of process if it is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *Neitzke v. Williams*, 490 US 319, 324 (1989); *Jackson v. State of Ariz.*, 885 F2d 639, 640 (9th Cir 1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke*, 490 US at 325; *Lopez v. Dept. of Health Services*, 939 F2d 881, 882 (9th Cir 1991); *Jackson*, 885 F2d at 640.

In determining whether a complaint is frivolous, this court is mindful of the requirement to liberally construe the allegations of a *pro se* plaintiff and to afford the plaintiff the benefit of any doubt. *Lopez*, 939 F2d at 883. However, under FRCP 8(a)(2), all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 US 41, 47 (1957).

## FINDINGS

---

[1] PD-680 is a degreasing solvent that was commonly used for cleaning military weapons and equipment prior to its cancellation by the Environmental Protection Agency.
*See* http://ezinearticles.com/?MIL-PRF-680B-is-the-Ideal-Replacement-For-P-d-680&id=4143625 (last accessed 9/20/2010).

I. **Sovereign Immunity (Federal Defendant)**

Keay names a branch of the United States military, the USAF, as the sole defendant. Unless it consents to waive its sovereign immunity, the United States is immune from suit. *Dep't of the Army v. Blue Fox, Inc.*, 525 US 255, 260 (1999); *Lehman v. Nakshian*, 453 US 156, 160 (1981). Moreover, "[t]he terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit. . . . Any waiver of immunity must be 'unequivocally expressed,' and any limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto are not to be implied.'" *Hodge v. Dalton*, 107 F3d 705, 707 (9th Cir 1997), quoting *Lehman*, 453 US at 160-61.

The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacity. *South Delta Water Agency v. United States Dep't of the Interior, Bureau of Reclamation*, 767 F2d 531, 536 (9th Cir 1985). Thus, a plaintiff may not avoid the bar of sovereign immunity by naming federal employees in their official capacity:

> It has long been the rule that the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants. Thus, a suit against [federal] employees in their official capacity is essentially a suit against the United States. As such, absent express statutory consent to sue, dismissal is required.

*Gilbert v. DaGrossa*, 756 F2d 1455, 1458 (9th Cir 1985) (citations omitted).

II. **FTCA and Military Claims Act**

The Federal Tort Claims Act, 28 USC §§ 2671-2680 ("FTCA"), provides a limited waiver of sovereign immunity "for claims against the federal government arising from torts committed by federal employees who are acting within the scope of their employment." *Hensley v. United States*, 531 F3d 1052, 1056 (9th Cir 2008), *cert denied*, 129 S Ct 2432 (May 26, 2009)

3 - FINDINGS AND RECOMMENDATIONS

(citations omitted).  The FTCA is the exclusive remedy for such claims.  *United States v. Smith*, 499 US 160 (1991); *FDIC v. Craft*, 157 F3d 697, 706 (9th Cir 1998).

However, the FTCA waives the sovereign immunity of the United States only for certain torts and lists a number of specific exceptions from its coverage.  28 USC § 2680(a)-(n).  "When a claim falls within a statutory exception to the FTCA's waiver of sovereign immunity, the court is without subject matter jurisdiction to hear the case."  *Mundy v. United States*, 983 F2d 950, 952 (9th Cir 1993) (as amended on denial of rehearing and rehearing *en banc*) (citation omitted).  In determining whether a claim "arises out of" one of those torts, courts examine whether the conduct upon which a plaintiff's claim is based, rather than the label attached to the claim.  *Sabow v. United States*, 93 F3d 1445, 1456 (9th Cir 1996) (citations omitted); *Mt. Homes, Inc. v. United States*, 912 F2d 352, 356 (9th Cir 1990).

The FTCA does not apply to  "[a]ny claim arising out of the combatant activities of the military or naval forces, or the Coast Guard, during time of war."  28 USC § 2680(j).  The United States Supreme Court in *Feres v. United States*, 340 US 135 (1950), interpreted this exception to preclude an "on-duty serviceman . . . injured due to the negligence of Government officials [from] recover[ing] against the United States under the Federal Tort Claims Act."  *Stencel Aero Engineering Corp. v. United States*, 431 US 666, 670 (1977) (discussing *Feres*).  In doing so, the Supreme Court "carved out a significant exception" to the FTCA which bars Keay's claim.  *Schoenfeld v. Quamme*, 492 F3d 1016, 1019 (9th Cir 2007).

Keay alleges that he was exposed to a hazardous chemical while serving in the military between 1980 and 1984 as a result of the USAF's failure to provide certain protective clothing and technical specifications.  This allegation puts Keay's claim squarely within the *Feres* bar and precludes Keay from relying on the FTCA as a way around the sovereign immunity enjoyed by the United States.

4 - FINDINGS AND RECOMMENDATIONS

The Military Claims Act provides a possible avenue of relief for claims against the United States for personal injury or death caused by members of various branches of the military, including the Air Force.  10 USC § 2733.  However, the Military Claims Act "explicitly bars claims for the personal injury or death of a service member 'whose injury or death is incident to his service.'"  *Hata v. United States*, 23 F3d 230, 234 (1994), quoting 10 USC § 2733(b)(3).  Again, Keay's allegations bar such a claim.  Given his allegation about military service, and naming of the USAF as the sole defendant, Keay's exposure to PD-680 presumably took place while on duty cleaning military equipment for the USAF.

Unfortunately, Keay appears to be without recourse in this court.  His potential claim under the FTCA is barred under *Feres*.  Assuming he had a claim under the Military Claims Act, that statute precludes claims for injuries incident to military service, 10 USC § 2733(b)(3), and allows for no judicial review.  10 USC § 2735 (settlement of a claim under the Military Claims Act is "final and conclusive"); *Hata*, 23 F3d 230, 233 (9th Cir 1994) ("we hold, in accord with the First, Fifth, Tenth and District of Columbia Circuits, that the M[ilitary] C[laims] A[ct]'s finality provision generally precludes federal courts from reviewing administrative decisions by the Secretary of the Air Force."

This court is mindful of its obligation to construe *pro se* pleadings liberally.  However, the only allegations currently made by Keay point directly at the conclusion that his claim is barred.  Since this court can conceive of no amendment to cure the jurisdictional defect, the Complaint should be dismissed with prejudice.

///

### III. Other Obstacles

Even if Keay could file an amended complaint to state a claim not barred by the FTCA or the Military Claims Act, he faces two other obstacles.

5 - FINDINGS AND RECOMMENDATIONS

First, Keay has also failed to name the correct party for his negligence claim. Under the FTCA, the United States is the only proper defendant in cases alleging tortious conduct. *Kennedy v. United States Postal Serv.*, 145 F3d 1077, 1078 (1998). Similarly, the Military Claims Act provides recourse for claims "against the United States." 10 USC § 2733(a). Accordingly, to the extent Keay's claim may be viable, the USAF is improperly a named party and must be dismissed with prejudice.

Second, another issue readily apparent in Keay's pleading is that his allegations relate to negligence which allegedly took place well over two decades ago between 1980 and 1984. Assuming he had a claim under the FTCA, the FTCA bars claimants from bringing suit until they have exhausted their administrative remedies. *McNeil v. United States*, 508 US 106 (1993); 28 USC § 2675(a) ("[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency."). To exhaust the administrative remedies, the claim must be "presented in writing to the appropriate Federal Agency within two years after such claim accrues." 28 USC § 2401(b). The time begins to run when the claimant has knowledge of the injury and its cause. *Rosales v. United States*, 824 F2d 799, 805 (9th Cir 1987). These requirements are jurisdictional, cannot be waived, and are strictly construed. *See Brady v. United States*, 211 F3d 499, 502 (9th Cir), *cert denied*, 531 US 1037 (2000); *Cadwalder v. United States*, 45 F3d 297, 300 (9th Cir 1995); *Jerves v. United States*, 966 F2d 517, 519 (9th Cir 1992). Similarly, the Military Claims Act requires a claim to be presented in writing within two years after it accrues. 10 USC § 2733(b)(1). Keay does not allege when he became aware of his injury and that it was caused by his exposure to PD-680.

**RECOMMENDATIONS**

For the reasons stated above, plaintiff's Application to Proceed *In Forma Pauperis* (docket #1) should be GRANTED, but the Complaint (docket #2) should be DISMISSED with prejudice for lack of subject matter jurisdiction and without service of process.

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due October 12, 2010. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

## NOTICE

The Findings and Recommendations is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED this 23rd day of September, 2010.

                                             s/ Janice M. Stewart
                                             Janice M. Stewart
                                             United States Magistrate Judge